North Missouri Railroad Co. v Gott.

——+●○●+——

NORTH MISSOURI RAILROAD COMPANY, Defendant in Error, v. GOTT, Plaintiff in Error.

1. In a petition in behalf of the North Missouri Railroad Company for the condemnation of the land upon which its railroad was located, it was alleged that the road passed hills and valleys, and that a strip of one hundred and fifty feet in width was necessary for the construction of the road; *held*, that this allegation was not traversable.

2. In a proceeding, instituted in behalf of the North Missouri Railroad Company to condemn land, *three* commissioners or viewers were, in accordance with prayer of the petition, appointed to assess the damages; *held*—it not appearing that said company had accepted the provisions of the general railroad law of February 24, 1853, (Sess. Acts, 1853, p. 128,) requiring the appointment of *five* commissioners, &c.—that the proceeding was properly conducted under the act of incorporation of March 3, 1851. (Sess. Acts, 1851, p. 483.)

## *Error to Montgomery Circuit Court.*

The commissioners appointed by the court to " assess the damages" sustained, adopted the following rules: " 1. The commissioners should assess and give damages for the land taken for the road at its market value at the time taken. 2. They should take into their consideration the enhanced value of the whole tract of land, through which the road runs, in consequence of the road, and also the injury the road is to the whole tract by separating its parts or otherwise, and offset the one against the other, and give to the owner by way of damages any excess of injury over such advantages."

The commissioners assessed the " compensation" of defendant at $287.40.

*Hunt* and *Broadhead*, for plaintiff in error.

I. The court ought to have called for evidence to sustain the issue, whether there were hills and valleys on the sur-

veyed route rendering one hundred and fifty feet necessary to construct the road. (General Railroad Law, Sess. Acts, 1853, p. 121, § 15).

II. *Five* commissioners should have been appointed instead of *three*. (Sess. Acts, 1853, p. 121, § 15.)

III. The petition asks for an absolute title, and the court by its decree granted it, whereas the general railroad law only gives the *use* of the condemned land to the company.

IV. On refusing to set aside and dismiss the whole proceedings the court ought to have appointed a new board of commissioners. They adopted a wrong rule in assessing the damages. They ought not to have taken into consideration the enhanced value of the land which was common to all the adjacent lands, and offset this increase of value and general benefit against the special and local damage sustained by the defendant by having his land divided into small and value-less parts. The commissioners can only offset local and special benefits against local and special injuries. (13 Barb. 169 ; 16 Barb. 6, 100, 273 ; 17 Wend. 649.)

*E. A. Lewis*, for defendant in error.

I. The motion to set aside the report and appoint a new board of commissioners was properly overruled. The commissioners did not exceed their authority in assessing damages upon one hundred and fifty feet width ; for that was what they were expressly appointed and required to do by competent authority. It was not within their province to decide whether one hundred and fifty feet or less would meet the necessities of the company, but only to assess damages for the land described in the petition. (Sess. Acts, 1851, p. 485, § 9.) The affidavits of Magee and Lee show that there were " hills and valleys" within the contemplation of the charter. (Sess. Acts, 1851, p. 485, § 7.) The question of the insufficiency of the damages can not be reviewed in this court upon the record presented.

II. The motion to dismiss the proceedings was properly overruled. The proceedings were properly instituted under

the charter of the company and not under the general railroad law. The provisions of the latter have exclusive application to companies organized under that act alone. The asking for a fee simple title is in conformity with the charter, (Sess. Acts, 1851, p. 485, § 10,) and the provision granting the same is not unconstitutional. (21 Mo. 294 ; 3 Whart. 555 ; Walther v. Warner, ante, p. 277.) But even were it unconstitutional, that would not support this motion to dismiss, but would go to modify the form of the final judgment only.

III. The rule for estimating the damages was correctly laid down, or was at least such as the defendant could not complain of. (Sess. Acts, 1851, p. 485, § 9 ; Sess. Acts, 1853, p. 130, § 16 ; Newby v. Platte County, ante, p. 258 ; 14 Penn. 245 ; 4 Whart. 47 ; 8 Penn. 445 ; 4 Cush. 291.)

RICHARDSON, Judge, delivered the opinion of the court.

The objections of the appellant to the proceedings of the circuit court, and relied on here for the reversal of the judgment, are, 1st. That the defendant was denied the right of trying the issue made on the statement in the petition, that the road passed hills and valleys, and for that reason the width of one hundred and fifty feet was necessary ; 2d. That the commissioners to assess the damages ought to have been appointed pursuant to the provisions of the general railroad law of 1853 ; 3d. That an improper rule was adopted by the commissioners in assessing the damages. The other points are embraced in the second objection.

This company was incorporated March 3d, 1851, (Sess. Acts, 1851, p. 483,) and the 7th, 8th, 9th and 10th sections of their charter prescribe their powers and duties and the mode of procedure for acquiring the right of way. The seventh section gave them the right to hold a strip of land the whole length of the road not exceeding one hundred feet in width, " provided that in passing hills or valleys the said company are authorized to extend said width in order to effect said object." The reason of this provision is manifest,

for greater width is necessary where the unevenness of the surface requires deep excavations or heavy embankments; and as the land condemned for the right of way is of no value to the company but for the bed of their road, this power is not liable to be abused, and is restrained by the consideration that the assessment of damages is influenced by the width of the land taken. The petition averred that the road through the defendant's land passed hills and valleys, and that the width of one hundred and fifty feet was necessary for the construction of the road. The statement was no doubt made on the report of the engineer, whose judgment in that matter controlled the plaintiff, and the allegation was not traversable by the defendant.

The 9th section provides, that if the owner of land over which the road passes refuses to relinquish the right of way, upon proper petition to the judge of the circuit court, it shall be his duty to appoint *three* disinterested citizens of the county to view the land and assess the damages. All the details of the proceeding are furnished, and no further legislation was necessary for this company on that subject. The 14th and 15th sections of the act entitled " An act to authorize the formation of railroad associations and to regulate the same," approved February 24th, 1853, (Sess. Acts, 1853, p. 121,) prescribe the mode to be pursued for condemning land for railroads, which differs in many respects from the proceeding directed in the plaintiff's charter. They require the petition to contain elements and averments essentially variant from the requirements of this charter, and direct the court or judge to appoint *five* commissioners for the assessment of damages, four of whom are to be selected from a list of twelve names to be submitted by the parties. The 56th section declares that all railroad corporations then existing, or which might thereafter be chartered, should respectively possess the powers contained in that act, and should be subject to all the duties, liabilities and provisions, not inconsistent with their charters, contained in certain enumerated sections, including sections fourteen and fifteen. The mode of assess-

ing damages in the plaintiff's charter is inconsistent with the 14th and 15th sections of the general railroad law ; and, by the express declaration of the act, it does not operate to modify or repeal provisions in the charters of corporations inconsistent with it. It does not appear that this company has adopted the provisions of the act of 1853, and this proceeding was therefore properly conducted under the act of incorporation.

It is not necessary to decide whether the rule adopted by the commissioners for the assessment of damages was correct, for it is sufficient to say that it was more favorable to the defendant than the rule laid down by this court in Newby v. Platte County, (ante, p. 258,) and he can not complain. The judgment will be affirmed.